IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph Vaughn,            Case No. 3:07CV3635

       Plaintiff

v.            ORDER

Indiana & Ohio Rwy. Co.,

       Defendant

This is an FELA case in which the defendant railroad has moved for a change of venue to the Southern District of Ohio under 28 U.S.C. § 1404(a). For the reasons that follow, the motion shall be granted.

Plaintiff resides and was injured while working on the railroad in the Southern District of Ohio. His one coworker witness resides in that district. With the exception of a vocational rehabilitation consultant, who works in Cleveland, all professionals who have treated plaintiff practice and provided their services to plaintiff in the Southern District. Two other witnesses appear to reside out of state. The only apparent connection between this case and this court is that one of plaintiff's counsel is from Sandusky, Ohio.

To be sure, as plaintiff's opposition points out, an FELA plaintiff's choice of forum is given strong deference. For that choice to be overcome, § 1404(a) requires the defendant to show that,

transfer is required "[f]or the convenience of parties and witnesses [and] in the interest of justice."

As my colleague, the Hon. David A. Katz, Sr. U.S. District Judge has stated:

> The factors that weigh in the Court's analysis [under § 1404(a)] include: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice." *MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F.Supp.2d 729, 738-39 (quoting *Helder v. Hitachi Power Tools*, 764 F.Supp. 93, 96 (E.D.Mich.1991)). See also *Moses [v. Bus. Card Express]*, 929 F.2d [1131,] 1136-37 [6th Cir. 1991)]. The Court also considers the relative congestion of the forums, the public interest in local adjudication, and the relative familiarity of the courts with the applicable law. See MOORE'S FEDERAL PRACTICE § 113.[1] [b] at 111-66-67.

*Checuti v. Conrail* 291 F.Supp.2d 664, 672 (N.D.Ohio 2003).

The convenience of the parties is in this case immaterial. It appears no more difficult for them to litigate in Toledo than in Dayton, or vice-versa.[1] Though there is only one fact witness, the inconvenience to him to come to Toledo, rather than to Dayton, should not be discounted.

Most importantly, plaintiff's family physician and treating orthopedic physicians are in Dayton. Plaintiff points out that in all likelihood those doctors may testify by video trial deposition. That certainly would be true if the case remained hered.

Despite the increasing frequency with which parties, especially in personal injury litigation, present trial evidence by video deposition, video is not a fully complete substitute for live testimony. Keeping the case here would almost guarantee that no doctor would testify live. If the case is in Dayton there is at least a fair chance that such testimony would be in person. Not a certainty, to be sure, but more of a chance than if the case were here.

---

[1] It's not as convenient for their counsel, depending on the forum – but that's not one of the factors.

Of equal concern is the fact that the treating medical personnel are outside the 100 mile reach of this court's subpoena power. They are within the subpoena reach of the District Court in Dayton.

The factor of court congestion would appear not to matter. Like the federal court in Toledo, the court in Dayton has two active District Judges, an active Sr. District Judge and a well-regarded Magistrate Judge.

In *Checuti* Sr. Judge Katz was confronted with a similar factual situation: plaintiff resident in Michigan, coworker witnesses in Michigan, defendant did business in Michigan, and doctors were in Michigan. Judge Katz found that transfer to the Eastern District of Michigan under § 1404(a) was proper.

Judges sitting in the same courthouse should treat similar factual circumstances the same. That way lawyers can enjoy a measure of predictability when contemplating what's likely to happen. Though not formally enumerated as a factor under § 1404(a), this general policy also, in this case, strongly favors transfer.

It is, therefore,

ORDERED THAT the defendant's motion to transfer this case to the Southern District of Ohio be, and the same hereby is granted.

So ordered.

    s/James G. Carr
    James G. Carr
    Chief Judge